# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHANNON WILLIAMS,                :
    Petitioner,                  :    NO.  1:10-CV-1870
                              :
    v.                           :    (District Judge Jones)
                              :
DAVID VARANO, ET. AL.,           :    (Electronically Filed)
    Respondents,                 :

## DECLARATION OF KIMBERLY BARKLEY

I, KIMBERLY BARKLEY, hereby declare under penalty of perjury under 28 U.S.C. § 1746, that the following facts are true and correct based upon my personal knowledge or from official records of the Pennsylvania Board of Probation and Parole ("the Board"), maintained in the ordinary course of carrying out its obligations to the citizens of this Commonwealth:

1.     I am currently employed by the Pennsylvania Board of Probation and Parole (hereinafter "the Board"), and have been employed by the Board since October of 1988.

2.     During my tenure with the Board, I have attained the positions of Clerk Typist, Parole Agent, Parole Supervisor and Parole Manager.

3.     I am currently the Acting Board Secretary and have been in this position since April 19, 2010.

4.     As Acting Board Secretary, I act as the Board's custodian of records,

EXHIBIT "A"

and I direct the recording of all official Board decisions as well as the maintenance of all official Board files.

5.     Upon request of counsel, I reviewed the records of Mr. Williams in reference to his current habeas corpus petition.

6.     On September 28, 1994, Williams was sentenced to 3 to 10 years of incarceration for committing the offenses of Aggravated Assault, Robbery, and Firearms not to be carried without a License.  (Attachment #1).

7.     His minimum date for this sentence, at institution number CN-1523, expired on March 19, 1997 and his original maximum date expired on March 19, 2004.  (Attachment #1).

8.     On July 27, 1998, Williams was released on parole to an approved home plan.  (Attachment #2).

9.     By a decision mailed December 28, 1998, the Board recommitted Williams as a technical parole violator for violating condition #7 (failure to successfully complete the York County Corrections Center).  (Attachment #3).

10.     On March 10, 2003, Williams was reparoled to a Community Corrections Center.  (Attachment #4).

11.     On September 30, 2003, while on reparole, Williams was arrested by the York City Police Department after he was found in possession of two handguns and crack cocaine.  (Attachment #5).

12.    On that same date, the Board lodged its warrant against Williams in lieu of the new arrest; however, new criminal charges were not filed by the York City Police Department until October 8, 2003.  (Attachment #6).

13.    On October 22, 2003, a federal grand jury indicted Williams on the charge that he possessed a stolen firearm in violation of 18 U.S.C. § 922(j). (Attachment #7).

14.    On May 11, 2004, Williams pled guilty to the offense of Possession with Intent to Deliver Cocaine in the York County Court of Common Pleas and he was sentenced to 2 to 4 years of incarceration.  (Attachment #8).

15.    On August 24, 2004, the Board mailed a decision recommitting Williams as a convicted parole violator to serve 18 months backtime for the offense of Possession with Intent to Deliver Cocaine.  (Attachment #9).

16.    On October 13, 2004, the Honorable Sylvia H. Rambo accepted Williams plea of guilty to the federal charge and sentenced him to 54 months of incarceration to be run concurrently with his York County Case.  (Attachment #10).

17.    He was subsequently returned to Department of Corrections (Department) custody and a federal detainer was lodged against Williams for his federal sentence.

18.    By a decision mailed December 27, 2004, the Board mailed a decision to Williams recommitting him as a convicted parole violator to serve 18 months of

backtime when available concurrently for committing the federal weapons offense. (Attachment #11).

19.     On March 7, 2005, the Board issued an order lifting its warrant and directing the Department to release Williams to his federal sentence.  (Attachment #12).

20.     The Department released Williams to his federal sentence on March 11, 2005.

21.     The Board subsequently filed a detainer against Williams with the Bureau of Prisons.  (Attachment #13).

22.     On October 25, 2005, Judge Rambo resentenced Williams on his federal charges to a term of 47 months of incarceration.  (Attachment #14).

23.     On April 4, 2008, the Bureau of Prisons released Williams from his federal sentence and placed him in the Department's custody to begin serving the remainder of his original state sentence.  (Attachment # 15).

24.     By a decision mailed April 16, 2008, the Board recalculated Williams maximum date on institution number CN-1523 from March 19, 2004 to June 25, 2009.  (Attachment # 16).

25.     The following explains how the Board recalculated Williams' parole violation maximum date for institution number CN-1523 from March 19, 2004 to June 25, 2009:

a.     when Williams was released on reparole on March 10, 2003, his parole violation maximum date was March 19, 2004, which left 375 days remaining on his sentence;

b.     as a convicted parole violator, Williams automatically forfeited credit for all of the time he spent at liberty on parole;

c.     this includes forfeiting credit for the 80 days Williams was on parole from July 27, 1998 to October 15, 1998;

d.     adding 80 days to the 375 days he was at liberty on parole resulted in Williams owing 455 days of backtime to his original sentence;

e.     Williams did receive 8 days of confinement credit for the time he was incarcerated solely on the Board's warrant from September 30, 2003 until October 8, 2003;

f.     subtracting 8 days of credit from the 455 days resulted in Williams still owing 447 days of backtime on his original sentence;

g.     Williams became available to begin serving the backtime on his original sentence at institution number CN-1523 on April 4, 2008, the date he was returned to the Department of Corrections (DOC) custody after completing his new federal sentence;

h.      adding 447 days to April 4, 2008 yields a new parole violation maximum date of June 25, 2009.

26.     By letter dated May 7, 2008, Williams filed a petition for administrative relief of the Board's recalculation decision alleging the June 25, 2009 maximum sentence date is incorrect and that he should be entitled to credit for the time he spent on parole at a group home.  (Attachment # 17).

27.     By a decision mailed June 2, 2008, the Board Chairman's designee ordered that an evidentiary hearing be held to determine if he is entitled to credit for the time he spent on parole at a group home.  (Attachment # 18).

28.     By letter dated August 4, 2008, Williams filed another petition for administrative relief with the Board Chairman's designee that withdrew his request for credit at the group home but asked for other credit on his original sentence. (Attachment #19).

29.     By a decision mailed May 12, 2009, the Board Chairman's designee denied William's petition for administrative relief and affirmed the Board's recalculation order.  (Attachment # 20).

30.     The Board has no record of Williams filing an appeal of this decision to the Commonwealth Court.

31.     Williams is currently serving his new state sentence at institution number JC-1572.  (Attachment #21).

32.     On this new sentence, the Department of Corrections provided Williams with 1 year and 3 days of credit on this sentence from the time he was confined in state custody from October 9, 2003 until October 12, 2004. (Attachment #21).

33.     As such, Williams 2 to 4 year sentence at institution number JC-1572 has an effective date of June 21, 2008 and his minimum date expired on June 21, 2010 and his maximum sentence date expires on June 21, 2012.  (Attachment #21).

**Executed this 12th day**
**Of November, 2010**

Kimberly Barkley
Acting Board Secretary

Pennsylvania Board of
Probation and Parole

R. ROMMEL, CRSII

| DC-16D | | COMMONWEALTH OF PENNSYLVANIA |
|---|---|---|
| **SENTENCE STATUS SUMMARY** | | DEPARTMENT OF CORRECTIONS |

## 1. SENTENCE SUMMARY

*N8 POC*

| Class of Sentence | | DEFINITE | X INDEFINITE | | GENERAL | | LIFE | | COMMUTED LIFE | | EXECUTION |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Date | County | Number, Term Court, Indictment | Type Sent | Minimum Y | M | D | Maximum Y | M | D | Judge | Offense | Offense Tracking Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09-28-94 | DAUPHIN | CP#1331;94  I | | 3 | | | 10 | | | J. Joseph KLEINFELTER | AG.ASLT. | C7733132 |
| 09-28-94 | DAUPHIN | CP#1331;94 II | CC | 3 | | | 10 | | | KLEINFELTER | ROBBERY | C7733132 |
| 09-28-94 | DAUPHIN | CP#1331;94 IV | CC | 1 | | | 5 | | | KLEINFELTER | FIREARMS W/O LICENSE | C7733132 |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

| Continued From DC# | Plea UNSPECIFIED | Total Sentence: | 3 | | | 10 | | | Commitment Credit ALL COUNTS 3-19-94 TO 9-28-94 |
|---|---|---|---|---|---|---|---|---|---|

| Fines | Costs | Restitution |
|---|---|---|

Summary or Remarks on Sentence

## 2. DATES SECTION

| Item | Original | Change #1 | Change #2 | Change #3 | Change #4 | Change #5 |
|---|---|---|---|---|---|---|
| DATE OF RECEPTION | 10-04-94 | Count IV | I, II 11-13-98 | IV 11/13/98 | | |
| EFFECTIVE DATE | 03-19-94 | 3-19-94 | 03-19-94 | 03/19/94 | | |
| EXPIRATION OF MINIMUM | 03-19-97 | 3-19-95 | 03-19-97 | 03/19/95 | | |
| EXPIRATION OF MAXIMUM | 03-19-2004 | 3-19-99 | 03-19-2004 | 03/19/99 | | |
| EFFECTIVE DATE - PV | XXXXX | | 10/15/98 | 10/15/98 | | |
| DELINQUENT TIME | XXXXX | | xxxxxxx | xxxxxxx | | |
| BACKTIME | XXXXX | | 5y5m4d | 5y5m4d | | |
| NEW MAXIMUM - PV | XXXXX | | 03/19/2004 | 03/19/99 | | |
| SENTENCE CHANGE | XXXXX | 7-10-95 | 12/23/98 | 12/23/98 | | |
| BASIS FOR CHANGE | XXXXX | Underlap CC Sentence | TPV | TPV | | |
| NEW SENTENCE | XXXXX | | | | | |

| 1st Release: Method—Inst.—Date | 2nd Release: Method—Inst.—Date | 3rd Release: Method—Inst.—Date | 4th Release: Method—Inst.—Date |
|---|---|---|---|
| Parole: CCP 7/27/96 | | | |

## 3. REFERENCES AND IDENTIFICATION

| 1st Admission: Inst.—Date CDCC:  10-4-94 | 2nd Admission: Inst.—Date SCICT 3-20-95 | 3rd Admission: Inst.—Date SCI-CT 12-8-88 | 4th Admission: Inst.—Date |
|---|---|---|---|

| Prosecuting Police Department UNSPECIFIED | Place of Birth YORK, PA | Date of Birth | Marital Status SINGLE | R-S B/M |
|---|---|---|---|---|

| DC Number CN-1523 | PBPP Number 96860 | SID Number 23076772 | Name WILLIAMS, SHANNON | | TN | ALIAS |
|---|---|---|---|---|---|---|

(OVER)

ATTACHMENT 1

ORDER TO RELEASE ON PAROLE/REPAROLE

The Pennsylvania Board of Probation and Parole hereby grants parole/reparole to the prisoner named and on the sentences described below. It further ordered that he/she be released on the date indicated below, subject to Board approval of a satisfactory plan and to the Conditions Covering Parole/Reparole (PBPP-11) and upon condition that he/she commits no misconducts or crimes, and that no evidence of past crimes or mental illness, previously undiscovered, comes to light.

---

| Name of Prisoner | ParNo. | Inst.No. | Authorized Date of Release |
|---|---|---|---|
| SHANNON WILLIAMS | 96860 | CN1523 | |

---

| Place of Confinement | Date of Return (Reparole Cases Only) |
|---|---|
| SCI - COAL TOWNSHIP | |

---

| | County | Date of Sentence(s) | Tp | Term(s)/Indictment Number(s) | OTN(s) | Offense(s)/Charge(s) |
|---|---|---|---|---|---|---|
| A. | DAUPHI | 09/28/94 | CC | CP 940001331 | C7733132 | AGG ASLT |
| A. | DAUPHI | 09/28/94 | CC | CP 940001331 | C7733132 | ROBBERY |
| B. | DAUPHI | 09/28/94 | CC | CP 940001331 | C7733132 | FIREARMS W/O LIC |

---

| | Judge(s) | Term(s) of Sentence(s) | | Expiration Dates Minimum | Maximum |
|---|---|---|---|---|---|
| A. | JOSPEH KLEINFELTER | 3YR | 10YR | 03/19/97 | 03/19/04 |
| B. | JOSPEH KLEINFELTER | 1YR | 5YR | 03/19/95 | 03/19/99 |

---

* ON SENTENCES RUNNING CONCURRENTLY TO COMMUNITY CORRECTIONS CENTER ONLY WITH AT LEAST 6 MONTHS SUCCESSFUL ADJUSTMENT PRIOR TO RELEASE TO THE COMMUNITY, PROVIDING THERE ARE NO MISCONDUCTS,
YOU REMAIN INVOLVED IN REQUIRED PROGRAMS AND YOU HAVE SUBMITTED A
MINIMUM OF FIVE LETTERS OF EMPLOYMENT/VOCATIONAL TRAINING/EDUCATION INQUIRY.
BEFORE YOU CAN BE RELEASED, YOU MUST PROVIDE PROOF OF PAYMENT OF AT LEAST
$30.00 OF MANDATORY COURT COSTS WHICH WILL BE SHARED BY THE CRIME VICTIMS'
COMPENSATION BOARD AND THE PENNSYLVANIA COMMISSION ON CRIME AND DELINQUENCY
IN ACCORDANCE WITH 71 P.S. SECTION 180-7.17.

---

RECEIVED
JUL 29 1998
RECORDS UNIT
Pa. Board of Probation
and Parole

Signed this 25th day of February, 1998 at Harrisburg, PA

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

W. Conway Buskey

Board Secretary
SEAL

ATTACHMENT 2

SID 23076772

Actual Date of Release 7/27/98

NOTICE OF BOARD DECISION
PBPP-15(6/96)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNA. BOARD OF PROBATION AND PAROLE**

DATE:   121798

CLIENT NAME:   SHANNON WILLIAMS                    PAROLE NO:   96860

INSTITUTION:   SCI - COAL TOWNSHIP                 INSTITUTION NO:   CN1523

AS RECORDED ON   111398   THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

- RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A TECHNICAL PAROLE VIOLATOR TO
SERVE 9 MONTHS FOR VIOLATION OF CONDITION #7, FAILURE TO SUCCESSFULLY COMPLETE
THE YORK COMMUNITY CORRECTIONS CENTER PROGRAM.

EVIDENCE RELIED ON: PAROLE AGENT'S TESTIMONY. TESTIMONY OF TOM DONAGHY.
DOCUMENTED PBPP FORM #336A. DC-13A.
REASONS: NOT AMENABLE TO PAROLE SUPERVISION. VIOLATION ESTABLISHED.

WHILE CONFINED, YOU MUST COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM
REQUIREMENTS AND HAVE NO MISCONDUCTS.

REVIEW IN OR AFTER JULY, 1999.

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRA-
TIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER.   THIS REQUEST
SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGA-
TIONS.   SEE 37 PA CODE SEC. 73.   YOU HAVE THE RIGHT TO AN ATTORNEY
IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

(P.H. 11/13/98   KSC 12/17/98)                    DATE MAILED   DEC 28 1998

PAROLE VIOLATION MAX DATE   031904

CC: PUBLIC DEFENDER

FILE COPY

W. CONWAY BUSHEY
BOARD SECRETARY

ATTACHMENT 3

## ORDER TO RELEASE ·ON PAROLE/REPAROLE

The ·Pennsylvania Board of Probation and Parole hereby grants parole/reparole to
the prisoner named and on the sentences described below.  It further ordered
that he/she be released on the date indicated below.  Subject to Board approval
of a satisfactory plan and to the Conditions Covering Parole/Reparole (PBPP-11)
and upon condition that he/she commits no misconducts or crimes, and that no
evidence of past crimes or mental illness, previously undiscovered, comes to
light.

---

| Name of Prisoner | ParNo. | Inst.No. | Authorized Date of Release |
|---|---|---|---|
| SHANNON WILLIAMS | 96860 | CN1523 | * |

---

| Place of Confinement | Date of Return (Reparole Cases Only) |
|---|---|
| STATE CORRECTIONAL INSTITUTION COAL TOWNSHIP | 10/15/1998 |

---

|  | County | Date of Sentence(s) | Tp Term(s)/Indictment Number(s) | OTN(s) | Offense(s)/Charge(s) |
|---|---|---|---|---|---|
| A. | DAUPHI | 09/28/1994 | CC CP 940001331 | C7733132 | AGG ASLT ROBBERY |

---

|  | Judge(s) | Term(s) of Sentence(s) |  | Expiration Dates Minimum     Maximum |
|---|---|---|---|---|
| A | JOSEPH H. KLEINFELTER | 03YR | 10YR | 03/19/1997 03/19/2004 |

---

* REPAROLED TO A COMMUNITY CORRECTIONS CENTER. YOU SHALL ENTER INTO AND ACTIVELY
PARTICIPATE IN THE COMMUNITY CORRECTIONS PROGRAM UNTIL SUCCESSFULLY DISCHARGED
BY THE PAROLE SUPERVISION STAFF. YOU SHALL ABIDE BY ALL THE ESTABLISHED RULES
AND REGULATIONS OF THE COMMUNITY CORRECTIONS PROGRAM.  ANY VIOLATION OF THE
PROGRAM RULES OR REGULATIONS MAY CONSTITUTE A VIOLATION OF PAROLE AND RESULT
IN YOUR ARREST. YOU MUST HAVE AN APPROVED PLAN AND VERIFIABLE EMPLOYMENT PRIOR
TO RELEASE FROM THE COMMUNITY CORRECTIONS CENTER.
BEFORE YOU CAN BE RELEASED, YOU SHALL PROVIDE PROOF OF PAYMENT OF AT LEAST
$30.00 OF MANDATORY COURT COSTS, IN ACCORDANCE WITH 18.P.S. {11.1101}.

---

Signed· this 30th day of August, 2002 at Harrisburg, PA

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

BOARD SECRETARY
SEAL
SID. 23076772

ATTACHMENT 4

Actual Date of Release 3/10/03

| Defendant's Name: | Shannon Lemar Williams |  | **POLICE** |
|---|---|---|---|
| Docket Number: | | | **CRIMINAL COMPLAINT** |

## AFFIDAVIT of PROBABLE CAUSE

On 09-30-03 I was in contact with State parole agent Christy McElhinny. I was meeting with her on this date at 1300 hours. I was supposed to be meeting with herself and the def. I wanted to question the def. about the homicide that occurred at The Stonehouse Tavern. While I was waiting for the def. I was talking with McElhinny about the def supposedly having a weapon in his possession. I waited until approximately 1330 hours for the def. but he never showed up. At 1400 hours I received a call from McElhinny. She stated that the def. had showed up. She informed me that they were going to goto the def. residence to see if he had any weapons in his possession. At approx. 1420 hours I received another call from McElhinny and she advised me that they found two handguns, crack cocaine and money. Det. Spence and I responded to the residence to take possession of the contraband. Det Cromer weighed the suspected crack cocaine for me and was 5 grams. Then I had Det. Roberts field test the crack cocaine for me and it tested positive for cocaine. The cocaine was packaged and sent to P.S.P. lab for further anaylsis. Based on the above information I request a warrant for the def. arrest.

I, **Det. Matthew Luchko**_____, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

_Matthew W. _____
(Signature of Affiant)

Sworn to me and subscribed before me this _____ day of _____, _____

10-8-03

_____, District Justice

My commission expires first Monday of January, _____          **SEAL**

| COMMONWEALTH OF PENNSYLVANIA<br>BOARD OF PROBATION AND PAROLE<br>PBPP - 257T<br><br>Arrest Report. No.  1  Date of Rpt.  10/06/2003 | TECHNICAL VIOLATION<br>ARREST REPORT | ☐ BOARD PAROLE<br>☒ BOARD REPAROLE<br>☐ SP PROB/PAROLE<br>☐ OTHER STATE PAROLE<br>☐ OTHER STATE PROB |
|---|---|---|

| OFFENDER NAME (Last, First, Middle Initial)<br>WILLIAMS, SHANNON | PAROLE NO.<br>9686O | SID NO.<br>23076772 | INST. & NO.<br>SCI - Coal Township CN1523 |
|---|---|---|---|

| COUNTY/STATE OF CONV.<br>DAUPHIN/PA | SENTENCE<br>03YR - 10YR | | MINIMUM DATE<br>03/19/1997 | RELEASE DATE<br>03/10/2003 | MAXIMUM DATE<br>03/19/2004 |
|---|---|---|---|---|---|

| PRESENT OFFENSE<br>AGG ASLT; ROBBERY | EFF. DATE OF DELINQ. (If applicable) |
|---|---|

## CIRCUMSTANCES / DETAILS OF ARREST

| ARREST DATE & TIME<br>09/30/2003  1:45PM<br>PLACE OF CONFINEMENT<br>SCI-Camp Hill | LOCATION OF ARREST (Include County)<br>York Sub-Office<br>53 E. Market Street<br>York, PA 17401<br>York County | ARREST AUTHORITY<br>PBPP |
|---|---|---|

Search Conducted  YES ☐ NO ☒    Supervisor Approval  YES ☐ NO ☒    Problems Encountered  YES ☐ (Explain)  NO ☒

EVIDENCE CONFISCATED  ☐ YES  ☒ NO

TECHNICAL VIOLATION(S) CHARGED (Continue on next page, if necessary)

TPV #5B- Owning/possessing firearms

AGENT'S RECOMMENDATION

☐ CONTINUE AT EXPIRATION OF 48 HOUR DETAINER    ☐ LODGE WARRANT TO COMMIT & DETAIN
☐ OTHER (Explain)    ☒ DETAIN PENDING DISPOSTION OF TECHNICAL VIOLATION(S

| REASON(S) TO DETAIN | | REASON(S) TO CONTINUE | |
|---|---|---|---|
| ☐ Delinquency<br>☐ Risk of Absconding<br>☒ Seriousness of Offense<br>☐ Early Failure<br>☐ Other (Explain) | ☐ Failure to Respond to Sanctions<br>☐ Assaultive Behavior<br>☒ Weapons Involvement<br>☐ Substance Abuse<br>☒ Prior Supervision Failure | ☐ Amenable to Supervison<br>☐ Stable Residence<br>☐ Other (Explain) | ☐ Involved in Counseling<br>☐ Steady Employment |

| Supervisor Recommendation & Date<br>George D. Morrison      09/30/2003 | ☒ DETAIN ☐ CONTINUE | District Director Concurrance & Date<br>Morrison in Williams' Absence      09/30/2003 | ☒DETAIN ☐CONTINUE |
|---|---|---|---|

| DATE 48 HR. DETAINER FILED | WARRANT NUMBER & DATE FILED<br>Y-160-03    09/30/2003 | DATE WARRANT REMOVED |
|---|---|---|

OPEN CRIMINAL CHARGES?    ☒ NO ☐ YES  Refer to AR No.

## FINAL RECOMMENDATION

☒ DETAIN & RECOMMIT AS A TECHNICAL VIOLATOR    ☐ CONTINUE UNDER SUPERVISON
☐ OTHER (Explain)

**ATTACHMENT** 6

| AGENT NAME/ SIGNATURE/ DATE<br>*Christy McElhinny*    10-14-03<br>Christy McElhinny | SUPERVISOR NAME /SIGNATURE / DATE<br>*George Morrison*  10/14/03<br>George D. Morrison | OFFICE NAME<br>York Gen Unit #1 sh |
|---|---|---|

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   )    CRIMINAL NO. 1:03-CR-292

                      )

          v.              )    (JUDGE RAMBO   )

                      )

SHANNON WILLIAMS,      )

       Defendant.     )    (ELECTRONICALLY FILED)

**FILED**
OCT 2 2 2003
PER  h
HARRISBURG

## I N D I C T M E N T

### COUNT I

THE GRAND JURY CHARGES THAT:

On or about September 30, 2003, in York County, within the Middle

District of Pennsylvania, the defendant,

### SHANNON WILLIAMS,

previously having been convicted of a crime punishable by a term of

imprisonment exceeding one year, did knowingly possess in and affecting

commerce, firearms, namely, a Glock, Model 29, 10mm pistol, serial

number DSS819 and a Smith and Wesson, Model SW40VE, .40 caliber

pistol, serial number PBE5364, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(1) and

924(a)(2).



ATTACHMENT 7

## COUNT II

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 30, 2003, in York County, within the Middle

District of Pennsylvania, the defendant,

SHANNON WILLIAMS,

did knowingly possess stolen firearms which had been shipped and

transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(j) and

924(a)(2).

A TRUE BILL

FOREPERSON
GRAND JURY

10-22-03
DATE

THOMAS A. MARINO
UNITED STATES ATTORNEY



# In the York County Court of Common Pleas

## CRIMINAL DIVISION

Don O'Shell
Clerk of Courts

COMMONWEALTH VS.      5671   CA   2003
WILLIAMS, SHANNON LEMAR

AKA

| | |
|---|---|
| Address | |
| 124 N. WEST ST. | NEXT TERM: MAY   2004    ARD:    00-00-0000 |
| YORK | PRE-TRIAL: 04-13-2004    CERT HBG: 05-11-2004 |
| PA | ARRAIGN:   12-12-2003    IMPOUND:   00-00-0000 |
| 17404 | OFFENSE:   09-30-2003    PSI:    00-00-0000 |

DOB  Race B    Sex M

DATE ARREST   10-09-2003

---

O.T.N. H 537414-3            Police Dept.   YORK CITY
District Justice   MARTIN RICHARD E II      Municipality   YORK CITY
Arresting Officer   MATTHEW LUCHKO       Attorney MAC VEIGH, DAVID

---

Amount Of Bail   30,000.00      Date Posted 00-00-0000      Type Non-Posted
Posted By

---

| | OFFENSES | CTS. | GRADE |
|---|---|---|---|
| CS1330P | POSSESSION W/INTENT | 1 | F |

### DOCKETING

| | | |
|---|---|---|
| 11-25-2003 | JUDGE ASSIGNED | 11-25 |
| | KENNEDY/DRUGS | DAB |
| 12-11-2003 | INFORMATION FILED | 12-11 |
| 12-12-2003 | ARRAIGNED | 12-15 |
| | COUNSEL ENTERS APPEARANCE | |
| | ATTORNEY - MAC VEIGH, DAVID | |
| 12-12-2003 | PRE-TRIAL CONFERENCE 02/10/2004 9:00 AM | 12-15 |
| | BEFORE JUDGE KENNEDY. JHC | |
| 02-11-2004 | SUPPRESSION MOTION FILED | 02-11 |
| 02-12-2004 | BAIL FORFEITED | 02-12 |
| | JOHN S. KENNEDY | |
| | BENCH WARRANT ISSUED-PRE-TRIAL CONFERENCE | |
| | JOHN S. KENNEDY | |
| 02-25-2004 | TRANSPORTATION ORDER FILED RE: | 02-26 |
| | TRANSPORT FROM CAMP HILL SCI NO LATER THAN 03/27/04 FOR TRIAL. | |
| 03-01-2004 | SERVICE RE: | 03-01 |
| | ORDER OF 02/11/04 TO DA AND PD | |
| 03-09-2004 | BENCH WARRANT SERVED LESS 45 DAYS-PRE TRIAL CON | 03-09 |
| | BENCH WARRANT RETURNED FROM SHERIFF'S OFFICE | |
| 03-24-2004 | PRE-TRIAL CONFERENCE 04/13/2004 9:00 AM | 03-24 |
| | JSK | |
| | SERVICE RE: | |
| | DA PD DEFENDANT 124 N WEST ST YORK, PA | |
| 04-08-2004 | MOTION FILED RE: | 04-08 |
| | TO RELEASED ON NOMINAL BAIL TO RULE 600 | |
| 04-12-2004 | BAIL REDUCTION PETITION HEARING SCHEDULED | 04-12 |
| | .04/14/04 @ 1:30PM. | |

CERTIFIED A TRUE COPY

DON O'SHELL
CLERK OF COURTS

ATTACHMENT 8



# In the York County Court of Common Pleas

## CRIMINAL DIVISION

Don O'Shell
Clerk of Courts

COMMONWEALTH VS. WILLIAMS, SHANNON LEMAR                    5871  CA  2003

|  |  |  |
|---|---|---|
|  | SERVICE OF ORDER TO DEFENSE ATTORNEY |  |
|  | ORDER OF 04/12/04 TO PD'S OFFICE. D. MACVEIGH, ESQ. |  |
| 04-12-2004 | SERVICE RE: |  |
|  | ORDER OF 04/12/04 TO DA'S OFFICE. | 04-12 |
|  | DOCKET FORWARDED TO YCP |  |
| 04-14-2004 | TRIAL SCHEDULED          MAY          2004 TERM |  |
|  | JSK. | 04-14 |
|  | DOCKET FORWARDED TO YCP |  |
| 05-11-2004 | GUILTY PLEA TO |  |
|  | POSSESSION WITH INTENT TO DELIVER COCAINE JSK | 05-11 |
|  | SENTENCE SCI |  |
|  | 2 YEARS TO 4 YEARS POSSESSION WITH INTENT JSK |  |
| 05-11-2004 | PAY COSTS |  |
|  | JSK | 05-11 |
|  | CERTIFIED TO PENN DOT |  |
| 05-11-2004 | DOCKET FORWARDED TO YCP |  |
| 05-19-2004 | SERVICE RE: | 05-11 |
|  | ORDER OF 05/11/04; DA, PD-MAC VEIGH, ESQ. | 05-19 |

Printed on 06-10-2004 By ISM        E-N-D    O-F   C-A-S-E

CERTIFIED A TRUE COPY

DON O'SHELL
CLERK OF COURTS



# COMMONWEALTH OF PENNSYLVANIA
# BOARD OF PROBATION AND PAROLE

1101 S. Front Street
Harrisburg, Pa. 17104 - 2519

NOTICE OF BOARD DECISION

NAME: SHANNON WILLIAMS
INSTITUTION:   SCI - CAMP HILL

PAROLE NO:   96860
INSTITUTION NO:   CN1523

(SCI CASE)

AS RECORDED ON AUGUST 18, 2004 THE BOARD OF PROBATION AND PAROLE RENDERED
THE FOLLOWING DECISION IN YOUR CASE:

RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A CONVICTED PAROLE VIOLATOR
WHEN AVAILABLE TO SERVE 18 MONTHS BACKTIME.

-- 18 MONTHS FOR THE OFFENSE OF POSSESSION WITH INTENT TO DELIVER COCAINE.
EVIDENCE RELIED ON: CERTIFIED COPY OF COURT RECORD PROVING CONVICTION.
REASON: CONVICTION IN A COURT OF RECORD ESTABLISHED.

WHILE CONFINED, YOU MUST COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM
REQUIREMENTS AND HAVE NO MISCONDUCTS.
YOU MUST PARTICIPATE IN DRUG AND ALCOHOL COUNSELING.

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR
ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER.
THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR
THE ALLEGATIONS. SEE 37 PA CODE SEC. 73. YOU HAVE THE RIGHT TO AN
ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH
COURT.          DATE MAILED:

[H.R. 07/28/2004]        AUG 2 4 2004
JEM 08/18/2004

CC: PUBLIC DEFENDER

FILE COPY

*Lawrence F. Murray*

Lawrence F. Murray
Board Secretary

Notice of Board Decision
PBPP 15(08/02) 1 of 1

ATTACHMENT 9



45 B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

VS.

SHANNON WILLIAMS

**JUDGMENT IN A CRIMINAL CASE**
CASE NUMBER: 1:03-CR-0292-01
USM NUMBER: 12191-067

John Yaninek, Esquire
Defendant's Attorney

*RECEIVED OCT 1 5 2004 U.S. PROBATION OFFICE HARRISBURG, PA*

FILED
HARRISBURG
OCT 1 3 2004
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

**THE DEFENDANT:**
[X] pleaded guilty to count(s) I of an Indictment.
[ ] pleaded nolo contendere to count(s)_____
   which (was)(were) accepted by the court.
[ ] was found guilty on count(s)_____ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title/Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 922(g)(1) | Possession of a Firearm and Ammunition by a Convicted Felon. | 09/30/2003 | I |

   The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____.
[X] Count(s) II is dismissed on the motion of the United States.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date  10/14/04

October 13, 2004
Date of Imposition of Sentence

SYLVIA H. RAMBO, U.S. DISTRICT JUDGE
MIDDLE DISTRICT OF PENNSYLVANIA

Certified from the record
Date  10-15-04
Mary E. D'Andrea, Clerk
Per_____
Deputy Clerk

ATTACHMENT  I O



5 B (Rev. 12/03) Judgment in a Criminal Case, Sheet 2 - Imprisonment

Defendant: SHANNON WILLIAMS                    Judgment-Page 2 of 7
Case Number: 1:03-CR-0292-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 54 months. Said term to be served concurrently to the term of imprisonment imposed in York County Case No. 5671-2003.

[X] The court makes the following recommendations to the Bureau of Prisons:

The court recommends to the Bureau of Prisons that the State Correctional Institution Camp Hill, Camp Hill, Pennsylvania, or any other facility to which the defendant may be transferred, be designated as the place of confinement, thereby making this sentence concurrent with the defendant's sentence in the county case

[X] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

　　[ ] at _____ a.m./p.m. on _____.
　　[ ] as notified by the U.S. Marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
　　[ ] before 2 p.m. on _____.
　　[ ] as notified by the United States Marshal.
　　[ ] as notified by the probation office.
　　[ ] The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place of confinement.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.


_____
United States Marshal


_____
Deputy Marshal



# COMMONWEALTH OF PENNSYLVANIA
# BOARD OF PROBATION AND PAROLE
1101 S. Front Street
Harrisburg, Pa. 17104 - 2519

### NOTICE OF BOARD DECISION

NAME: SHANNON WILLIAMS                    PAROLE NO:  96860
INSTITUTION:   SCI - COAL TOWNSHIP        INSTITUTION NO:   CN1523
  (SCI CASE)

AS RECORDED ON DECEMBER 21, 2004 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

REFER TO BOARD ACTION OF 08/18/2004 TO RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A CONVICTED PAROLE VIOLATOR TO SERVE 18 MONTHS, WHEN AVAILABLE, AND NOW:

RECOMMIT AS A CONVICTED PAROLE VIOLATOR TO SERVE 18 MONTHS CONCURRENTLY FOR A TOTAL OF 18 MONTHS BACKTIME,  WHEN AVAILABLE.

-- 18 MONTHS FOR THE OFFENSE OF FORMER CONVICT NOT TO OWN/POSSESS FIREARM. EVIDENCE RELIED ON: CERTIFIED COPY OF COURT RECORD PROVING CONVICTION. ACKNOWLEDGEMENT OF CONVICTION.
REASON: CONVICTION IN A COURT OF RECORD ESTABLISHED.  NOT AMENABLE TO PAROLE SUPERVISION.

WHILE CONFINED, YOU MUST COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM REQUIREMENTS AND HAVE NO MISCONDUCTS.
YOU MUST PARTICIPATE IN DRUG AND ALCOHOL COUNSELING.

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS.  SEE 37 PA CODE SEC. 73.  YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.          DATE MAILED:   DEC 2 7 2004

 (CONTINUE ON PAGE 2)

CC: PUBLIC DEFENDER

FILE COPY

Notice of Board Decision
PBPP 15(08/02) 1 of 2

ATTACHMENT 1 1

PBPP-140 (2/03)



Commonwealth of Pennsylvania
Board of Probation and Parole
1101 South Front Street
Harrisburg, PA 17104

## ORDER TO RELEASE FROM TEMPORARY DETENTION
## OR
## TO CANCEL WARRANT TO COMMIT AND DETAIN

Date: ___March 7, 2005___

To the Superintendent, Warden, or other authorized representative of any Detention Facility or
State Correctional Institution in the Commonwealth of Pennsylvania:

☐ By virtue of the authority delegated to me by the Pennsylvania Board of Probation and Parole,
you are authorized and directed to release into the custody of
_Federal Detainer_____ the person of ___Shannon Williams_____, Parole
Number ___9686-O___, who was placed in your custody on Warrant to Commit and Detain,
dated ___May 11, 2004_____.

☐ By virtue of the authority delegated to me by the Pennsylvania Board of Probation and Parole,
you are authorized and directed to return or otherwise cancel enforcement of our Warrant to
Commit and Detain, issued against the person of
_____, Parole Number _____, dated
_____. The effective date of this order is

☐　　Upon Receipt

☐　　Date: _____  Time: _____

By: _____

DISTRICT DIRECTOR
PENNSYLVANIA BOARD OF PROBATION AND PAROLE

## ATTACHMENT 12

96860

BP-S394.058   **DETAINER ACTION LETTER**   CDFRM
SEP 03
**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| To | Probation And Parole<br>1101 S. Front St. Ste 5800<br>Harrisburg Pa. 17104 | Institution   USP CANAAN |  |
|---|---|---|---|
| | | Date    03-31-2005 | |
| Case/Dkt#<br>96860 | Inmate's Name<br>Williams, Shannon | Fed Reg No.<br>12191-067 | DOB/SEX/RACE |
| Aliases | | Other No. | |

The below checked paragraph relates to the above named inmate:

☐   This office is in receipt of the following report:_____
_____ . Will you please investigate this report and advise what disposition, if
any, has been made of the case. If subject is wanted by your department and you wish a
detainer placed, it will be necessary for you to forward a certified copy of your warrant to
us along with a cover letter stating your desire to have it lodged as a detainer.  If you have
no further interest in the subject, please forward a letter indicating so.

☒   **A detainer has been filed against this subject in your favor charging** _Parole
Violation_ **. Release is tentatively scheduled for** _07-01-2008_ **, however, we will
notify you no later than 60 days prior to actual release.  To check on an inmate's
location, you may call our National Locator Center at: 202-307-3126 or check our BOP
Inmate Locator Website at www.bop.gov.**

☐   Enclosed is your detainer warrant. Your detainer against the above named has been removed in
compliance with your request.

☐   Your detainer warrant has been removed on the basis of the attached _____
. Notify this office immediately if you do not concur with this action.

☐   Your letter dated _____ requests notification prior to the release of the above
named prisoner. Our records have been noted. Tentative release date at this time is _____
_____ .

☐   I am returning your _____ on the above named inmate who was
committed to this institution on _____ to serve _____ for the
offense of _____ . If you wish your _____ of filed
as a detainer, please return it to us with a cover letter stating your desire to have it
placed as a hold or indicate you have no further interest in the subject.

☐   Other:

Sincerely,

_(signature)_
Inmate Systems Manager

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section
1); Copy - Correctional Services Department

(This form may be replicated via WP)                (Replaces BP-394(58) dtd MAR 2003)

ATTACHMENT 13

AO 245 B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

**VS.**

SHANNON WILLIAMS

AMENDED JUDGMENT
IN A CRIMINAL CASE
CASE NUMBER: 1:03-CR-0292-01
USM NUMBER: 12191-067

John Yaninek, Esquire
Defendant's Attorney

**FILED
HARRISBURG**

OCT 2 5 2005

MARY E. D'ANDREA, CLERK
Per_____
**DEPUTY CLERK**

**THE DEFENDANT:**
[X] pleaded guilty to count(s) I of an Indictment.
[ ] pleaded nolo contendere to count(s)_____
  which (was)(were) accepted by the court.
[ ] was found guilty on count(s)_____after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title/Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 922(g)(1) | Possession of a Firearm and Ammunition by a Convicted Felon. | 09/30/2003 | I |

   The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on
count(s)_____.
[X] Count(s) II is dismissed on the motion of the United States.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date ____*10/20/05*____

**October 25, 2005**
Date of Imposition of Sentence

Sylvia H. Rambo, United States District Judge
Middle District of Pennsylvania

★U.S.GPO:1990-722-448/10286

ATTACHMENT   1 4

AO 245 B (Rev. 12/03) Judgment in a Criminal Case, Sheet 2 - Imprisonment

Defendant: SHANNON WILLIAMS                                    Judgment-Page 2 of 7
Case Number: 1:03-CR-0292-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term  of forty-seven months. This sentence is not a departure but reflects an adjustment under USSG 5G1.3(b) for the seven months the defendant has already served in York County Case No. 5671-2003.

[X] The court makes the following recommendations to the Bureau of Prisons: That the defendant be re-placed at FCI Schuylkill for purposes of family visitations.

[X] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

    [ ] at_____a.m./p.m. on_____.
    [ ] as notified by the U.S. Marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    [ ] before 2 p.m. on _____.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the probation office.
    [ ] The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be
       notified of the place of confinement.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on_____to_____at

_____, with a certified copy of this judgment.


_____
United States Marshal


_____
Deputy Marshal



# Pennsylvania Department of Corrections

jmanning

## Moves Report

**11/9/2010 2:47:54 PM**

---

**Inmate Number:** JC1572                                    **Inmate Name:** WILLIAMS, Shannon Lemar

---

| Time & Date | Inmate # | Move Code | Location | Sent. Status | Parole Status |
|---|---|---|---|---|---|
| 09:15 08/06/2009 | JC1572 | SC | COA - Coal Township | Actively Serving | Not Applicable |
| 13:10 07/27/2009 | JC1572 | SC | YOR - York | Writ/ata | Not Applicable |
| 13:56 06/25/2009 | JC1572 | AA | COA - Coal Township | Actively Serving | Not Applicable |
| 13:56 06/25/2009 | CN1523 | DA | COA - Coal Township | Sentence Completed | Not Applicable |
| 09:00 05/13/2008 | CN1523 | SC | COA - Coal Township | Actively Serving | Convicted Parole Vilatr |
| 15:45 04/22/2008 | CN1523 | TRN | COA - Coal Township | Actively Serving | Parole Violator Pend |
| 13:15 04/22/2008 | CN1523 | TRN | BUS | Actively Serving | Parole Violator Pend |
| 11:34 04/22/2008 | CN1523 | XPT | SMI - Smithfield | Actively Serving | Parole Violator Pend |
| 05:57 04/22/2008 | CN1523 | TRN | BUS | Actively Serving | Parole Violator Pend |
| 14:30 04/04/2008 | CN1523 | APV | ALB - Albion | Actively Serving | Parole Violator Pend |
| 15:08 03/16/2005 | GD0384 | D | COA - Coal Township | Release Detentioner | Not Applicable |
| 12:41 03/11/2005 | GD0384 | AA | COA - Coal Township | Actively Serving | Not Applicable |
| 12:41 03/11/2005 | CN1523 | DA | COA - Coal Township | Paroled | No Recommit Action |
| 16:20 10/13/2004 | CN1523 | SC | COA - Coal Township | Actively Serving | Parole Violator Pend |
| 10:45 10/13/2004 | CN1523 | SC | FHB - Federal Auth-harrisburg | Writ/ata | Parole Violator Pend |
| 09:50 08/30/2004 | CN1523 | TRN | COA - Coal Township | Actively Serving | Parole Violator Pend |
| 07:38 08/30/2004 | CN1523 | TRN | BUS | Actively Serving | Parole Violator Pend |
| 09:20 05/13/2004 | CN1523 | SC | CAM - Camp Hill | Actively Serving | Parole Violator Pend |
| 14:34 02/27/2004 | CN1523 | SC | YOR - York | Writ/ata | Parole Violator Pend |
| 18:30 02/05/2004 | CN1523 | SC | CAM - Camp Hill | Actively Serving | Parole Violator Pend |
| 08:30 02/05/2004 | CN1523 | SC | FHB - Federal Auth-harrisburg | Writ/ata | Parole Violator Pend |
| 13:10 12/16/2003 | CN1523 | SC | CAM - Camp Hill | Actively Serving | Parole Violator Pend |
| 11:45 10/08/2003 | CN1523 | SC | YOR - York | Writ/ata | Parole Violator Pend |
| 11:40 10/03/2003 | CN1523 | APV | CAM - Camp Hill | Actively Serving | Parole Violator Pend |
| 07:30 03/10/2003 | CN1523 | D | 221 - Capitol Pavilion | Paroled to CCC | Reparoled |
| 15:03 12/23/1998 | CN1523 | SC | | Actively Serving | Tech/parole Violator |
| 11:34 12/08/1998 | CN1523 | TRN | COA - Coal Township | Actively Serving | Parole Violator Pend |
| 10:35 12/08/1998 | CN1523 | TRN | BUS | Actively Serving | Parole Violator Pend |
| 10:00 12/08/1998 | CN1523 | TRN | MAH - Mahanoy | Actively Serving | Parole Violator Pend |
| 07:18 12/08/1998 | CN1523 | TRN | BUS | Actively Serving | Parole Violator Pend |
| 07:18 12/08/1998 | CN1523 | SC | CAM - Camp Hill | Actively Serving | Parole Violator Pend |
| 11:39 11/13/1998 | CN1523 | APV | CAM - Camp Hill | Diagnostic/classificatn | Parole Violator Pend |
| 07:30 07/27/1998 | CN1523 | D | | Paroled | State Parole |
| 11:00 05/22/1997 | CN1523 | SC | COA - Coal Township | Actively Serving | Not Applicable |
| 12:15 05/05/1997 | CN1523 | SC | YOR - York | Writ/ata | Not Applicable |
| 09:18 03/20/1995 | CN1523 | TRN | COA - Coal Township | Actively Serving | Not Applicable |
| 09:17 03/20/1995 | CN1523 | SC | CAM - Camp Hill | Actively Serving | Not Applicable |
| 09:25 10/04/1994 | CN1523 | AC | CAM - Camp Hill | Diagnostic/classificatn | Not Applicable |

ATTACHMENT  15





# COMMONWEALTH OF PENNSYLVANIA
# BOARD OF PROBATION AND PAROLE
1101 S. Front Street
Harrisburg, Pa. 17104 - 2519

NOTICE OF BOARD DECISION

NAME: SHANNON WILLIAMS                    PAROLE NO:   9686O
INSTITUTION:   SCI - ALBION               INSTITUTION NO:   CN1523

AS RECORDED ON APRIL 08, 2008 THE BOARD OF PROBATION AND PAROLE RENDERED
THE FOLLOWING DECISION IN YOUR CASE:

REFER TO BOARD ACTION OF 12/21/04 TO RECOMMIT TO A STATE CORRECTIONAL
INSTITUTION AS A CONVICTED PAROLE VIOLATOR TO SERVE YOUR UNEXPIRED TERM OF 1
YEAR 9 DAYS.

WHILE CONFINED, YOU MUST COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM
REQUIREMENTS AND HAVE NO MISCONDUCTS.
YOU MUST PARTICIPATE IN DRUG AND ALCOHOL COUNSELING.

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR
ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER.
THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR
THE ALLEGATIONS.  SEE 37 PA CODE SEC. 73.  YOU HAVE THE RIGHT TO AN
ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH
COURT.          DATE MAILED:
KJW  04/08/2008                    APR 1 6 2008

PAROLE VIOLATION MAX DATE:   06/25/2009
CC: PUBLIC DEFENDER

FILE COPY

*Cynthia L. Daub*

Cynthia L. Daub
Board Secretary

Notice of Board Decision
PBPP 15(08/02) 1 of 1

'ATTACHMENT 1 6

Shannon Williams#CN-1523
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1021

May 7, 2008

Pennsylvania Board Of Probation & Parole
1101 South Front Street
Harrisburg, PA 17104-2519

Dear Ms. Daub:

I'm appealing the Board's decision as recorded on April 08, 2008 that I serve an unexpired max term of 1 year and 9 days, for the following reasons:

    1. The Board's calculation as to my max date is erroneous.

    2. Board action did not display credit for time spent in Community Corrections Center from 7-27-98 to Revocation in the middle of October of 98 nor time spent in CCC at Capital Pavilion from around March 10, 2003 till April 30, 2003 and subsequent 90 days on house arrest.

    3. Board action did not display credit for about 11 months from the 18 months served from Sept. 30, 2003, when defendant was imprisoned as Parole violator resulting from State and Federal charges of which only 7 months was credited by State and Federal entities from which both charges stemmed from same instant offense.

Petitioner seeks credit for time served in CCC, located in York City, pursuant to Section 9760 of the Sentencing Code, 42 Pa.C.S. § 9760. Petitioner argues that as a Violent Offender, his freedom in CCC was severely restricted and exceeded the restrictions imposed on a defendant whose, not only released on his own recognizance or upon condition that he not leave the jurisdiction, restrictions even exceeded the limited freedom granted to non-violent offenders in CCC custody. PBPP records could reflect the stringent parameters placed on Petitioner during referenced CCC custody, such as a small window period to seek employment and required communication with CCC staff to pinpoint whereabouts. Required participation in Drug & Alcohol programming and refusal or unexcused absence could result to recommitment. Petitioner's permitted leisure time was based on inmate's status and behavior etc. Said CCC's reports to Department of Correcctions and Board would reflect legal restraints cited in Commonwealth v. Conahan, 527 Pa. 199, 586 A.2d 1107(1991) and MCMILLIAN v. BD. OF PROBATION AND PAROLE 824 A.2d 350(Pa.Cmwlth. 2003).

Petitioner seeks credit for time spent in Capital Pavilion, CCC of Harrisburg, from around March 10 to April 30, 2003.
Petitioner cites Section 9760 of the Sentencing Code, 42 Pa.C.S.

9760 for basis of credit for restraint and custody in congruence with MCMILLIAN v. BD. OF PROBATION AND PAROLE 824 A.2d 350(Pa.Cmwlth 2003).

Petitioner seeks credit for time spent on 90 day home confinement, citing COM. v. CHIAPPINI 782 A.2d 490(Pa. 2001), in that Petitioner did not share same liberty as the public generally nor same liberty shared by others on Regular Parole supervision. Petitioner's home was considered a jail without bars and was monitored by a non-removable ankle bracelet, which Petitioner was required to wear at all times. A monitoring device was connected to Petitioner at all times and a monitoring device was connected to Petitioner's telephone and Parole authority was permitted to enter Participant's home in order to maintain equipment. Petitioner was subject to 7:00PM curfew and restricted liberty not usually imposed on regular Parolee. Petitioner was not permitted to go out of the State, County, or specific parameters in Petitioner's own neighborhood. Petitioner contends that he was subjected to restrictions imposed upon his liberty that qualifies the criteria established in Section 9760 of the Sentencing Code, 42 Pa. C.S. & 9760.

Petitioner seeks about 10 to 11 months credit that he spent in custody of the State after conviction on State drug charges that stemmed from the same Instant Offense as the Federal charges. Judge Sylvia H. Rambo, along with US Prosecuting Attorney & Federal Probation Officer, acting on information they said they received from PA Parole authorities ran my time consecutive after it was ran concurrent under 5G1.3b (Relative Conduct Resulting from same Instant Offense) after sentence was vacated from successful appeal for Blakely & Booker purposes, and only gave me 7 months credit, which they said was for time spent in State custody for same Instant Offense when ran concurrent. They specifically stated that other 10 months was to go to Parole Violation backtime, as State Parole officials expressed to them. They argued that State Parole said that because I owed them backtime, my sentence shouldn't be ran concurrent because new sentence hasn't effectively started yet, so long as backtime is owed. Petitioner appealed, citing vindictive prosecution. The 3rd Circuit Court of Appeals upheld lower courts decision, saying that, decision could be harmless error, because it is something that hasn't effected me yet. "The State can very well say, all time spent in Federal Custody is to be credited to your State Sentence." Moreover, they expressed that Federal judge did not act vindictively, for she was only acting on information she received from the State and said, "If someone would tell me what the State is doing, please let me know!" 3rd Circuit said this indicated that she would have maintained the concurrent sentence as law requires if it wasn't for information given by PA Parole authorities. Petitioner asserts that even if contention is made that entire 18 months was to be credited to State & Federal Instant Offense, he would've been released from Federal custody 18 months ago, but this wasn't the understanding the Federal Judge received from PA Parole authority. The issue of a concurrent sentence by York County sentencing court arose during

lea negotiations, but they said that it was for the authorities who sentences you last that determines whether the sentence is to be concurrent or consecutive, but they wouldn't be adverse to the issue if Feds ran it concurrent.

Petitioner asserts that Board's information was erroneous for the above reasons and had previously informed PBPP that his CN-1523, Parole #96860 expired and they were to turn him over to new number, but Board deliberately or erroneously ignored Petitioner's plea and, instead released him to Federal Custody only to put a detainer on Petitioner, requiring him to return to the State for time already served and expired.

Petitioner seeks administrative remedy of immediate release as he is being held unlawfully. Petitioner argues that even if Board calculates time from date he was released from home confinement to date of max, which was around middle or end of August to middle of March, that would be 7 months owed to Board, from which Petitioner has ten months served, and this was before I was released to Federal custody, 3 months over max date. Even if Petitioner was denied credit for 90 days on home confinement, Petitioner asserts that he would have still satisfied expiration of max date.

For above reasons, Petitioner seeks immediate release.

Sincerely,

S. Williams

Shannon L. Williams #CN-1523
cc

P.S. Excuse me, but I do not know the law and I've a very limited understanding of it, so someone who claims to know something of it, and is aware of my circumstances gathered and helped me in this, so it maybe that I'm in error. If so, please don't hold me accountable and provide me with proper Representation. Also, I would like to reserve right to amend appeal pending receipt of status sheet. Thank you!



# pennsylvania
BOARD OF PROBATION AND PAROLE

SHANNON WILLIAMS, CN-1523
SCI-COAL TOWNSHIP
1 KELLEY DRIVE
COAL TOWNSHIP, PA  17866-1020

Re:  Parole No. 9686-O

Dear Mr. Williams:

This response acknowledges that the Pennsylvania Board of Probation and Parole received correspondence from you on May 19, 2008 (postmarked 05/15/08). Your correspondence is deemed to be a **petition for administrative review** from the Board decision recorded April 8, 2008 (mailed 04/16/08) that established your parole violation maximum sentence date as June 25, 2009.  For your review and consideration, I am enclosing a copy of the Board's PBPP-39 *Order to Recommit* dated June 2, 2008, that provides the relevant facts used to determine your parole violation maximum sentence date.

You allege that the Board failed to give you 131 days of sentence credit for the following periods of time: (1) the 80 days you resided at the York Community Corrections Center, 317 West Market Street, York, PA 17401; and (2) the 51 days you resided at Capital Pavilion, 2012 North Fourth Street, Harrisburg, PA, 17102. In light of this allegation, **an evidentiary hearing will be scheduled** to determine if you are entitled to credit for the aforementioned period of time.  If you prevail at the evidentiary hearing, your review date and/or parole violation maximum date will be adjusted as necessary.

Please note that because an evidentiary hearing is pending, the Board cannot affirm or reverse the calculation set-forth in the Board decision recorded April 8, 2008 (mailed 04/16/08) at this time.  *See Arguelles v. Pennsylvania Board of Probation and Parole*, 892 A.2d 912 (Pa. Commw. 2006).  After a decision from the above evidentiary hearing is rendered, you may file another administrative appeal/petition for administrative review from that decision if you do not receive the relief requested.

For the Board,

John J. Talaber
Assistant Counsel
Administrative Review Designee

DATE MAILED:
Enclosure        JUN 0 2 2008

ATTACHMENT 18

Pennsylvania Board of Probation and Parole | Office of General Counsel | Office of Chief Counsel
1101 South Front Street – Suite 5100 | Harrisburg, PA 17104-2517
PHONE: 717.787.8126 | FAX: 717.705.1774 | www.pbpp.state.pa.us

9686-0

Shannon Williams #CN-1523
SCI Coal Township
1 Kelley Drive
Coal Township, PA  17866-1021

August 4, 2008

RE:  Parole No. 9686-0

Dear Mr. Talaber:

I received your letter dated July 28th, 2008 and I'm writing in
response to it.   I reviewed my records and concluded that the
Evidentiary Hearing would be moot, considering that I'll already
have the time in that my Green Sheet stipulates that I do, by the
time of the hearing, so you may cancel the Evidentiary Hearing in
regards to the CCC time; however, accompanied with this letter is
evidence from my Federal Records in regards to the 10 months that
I'm seeking credit for that wasn't credited to my Federal or
State sentence.

The time in which I'm referring to is from May 10, 2004, which is
the date I was convicted in State Court Indictment 5671,03, which
ran concurrent with Federal number CR-0292-01.   I only received
7months credit from Federal Court, which was from date of arrest
to 5-11-04, which was date of conviction.   When initially charged
in Federal Magistrate Court, I was placed on ROR bail to Parole
Supervision, which placed me in Parole Supervision, which was
only interrupted by the 5671-03 case that was part of same
Instant Offense as the Federal indictment.   Once I was convicted
5-11-04, my Parole Violation backtime resumed until I was sent to
Fed. jurisdiction on 3-11-05.   This is the 10 months that I seek
credit for.

I hope that the records accompanying this letter provides some
clarity to this conundrum.   I do hope to hear from you soon in
regards to the 10 months that I speak of.

Sincerely,

Shannon Williams

Shannon Williams
cc

REC'D PBPP
08 AUG -8  PH 3: 43
OFFICE OF CHIEF COUNSEL

MMS
8-13-08

ATTACHMENT · 1 9

**PBPP**

# pennsylvania
BOARD OF PROBATION AND PAROLE

SHANNON WILLIAMS, CN-1523
SCI-COAL TOWNSHIP
1 KELLEY DRIVE
COAL TOWNSHIP, PA  17866-1020

RE:    Parole No. 9686-O

Dear Mr. Williams:

I note for the record that the Board received your original petition for administrative review May 19, 2008 (postmarked 05/15/08) that challenged the Board decision recorded April 8, 2008 (mailed 04/16/08) that established your parole violation maximum sentence date as June 25, 2009.  The Board responded to your May 19, 2008 petition for administrative review by letter dated June 2, 2008, which in relevant part, notified you that an evidentiary hearing would be scheduled on the issue of whether you were entitled to 131 days of sentence credit while you resided at the York Community Corrections Center and the Capital Pavilion.  Additionally, you were advised that the Board could not affirm or reverse the calculations set-forth in the  Board decision recorded April 8, 2008 (mailed 04/16/08) pending the outcome of the evidentiary hearing.  However, before the evidentiary was held and through your correspondence the Board received August 4, 2008, you withdrew your request for the aforementioned sentence credit, and exercised your right to file another petition for administrative review.

Please consider this letter the response to your **petition for administrative review** that the Board received on August 4, 2008 (postmarked 08/07/08).  Additionally, please be advised that the Board is also in receipt of your September 24, 2008 correspondence inquiring about the status of your petition.  In your petition, you object to the Board decision recorded April 8, 2008 (mailed 04/16/08) that established your parole violation maximum sentence date as June 25, 2009, and you seek additional sentence credit.  For your review and consideration, I am enclosing a copy of the Board's PBPP-39 *Order to Recommit* dated June 2, 2008, that provides relevant facts used to determine your parole violation maximum sentence date.

When you were released on parole from your original sentence on March 10, 2003, your maximum sentence date was March 19, 2004, which left 375 days remaining to serve on your original sentence.  As a convicted parole violator, you automatically forfeited credit for all of the time that you spent on parole. *See* 61 P.S. § 331.21a(a).  You also forfeited credit (i.e. time was added to your sentence) for the 80 days you were previously on parole from July 27, 1998 to October 15, 1998.  *See Dorsey v. Pa. Board of Probation and Parole*, 854 A.2d 994 (Pa. Commw. 2004); *see also Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365 (Pa. Commw. 1996).  Adding 80 days to your 375 days results in your owing 455 days of back time on your original sentence.

## ATTACHMENT 2 0

Pennsylvania Board of Probation and Parole | Office of General Counsel | Office of Chief Counsel
1101 South Front Street – Suite 5100 | Harrisburg, PA 17104-2517
PHONE: 717.787.8126 | FAX: 717.705.1774 | www.pbpp.state.pa.us

On October 8, 2003, while on parole, you were arrested for crimes related to York County Court of Common Pleas indictment number 5671-2003, for an incident that occurred on September 30, 2003. The Board lodged its warrant to commit and detain you on September 30, 2003. You did not post bail in your York County case. You were placed into SCI-Camp Hill in "parole violator pending" status on October 3, 2003. You were arrested for crimes related to United States District Court for the Middle District of Pennsylvania; docket number CR-0292-01 on October 22, 2003, for an incident that also occurred on September 30, 2003. You did not post bail in the federal case. The Board lifted its warrant to commit and detain you on March 19, 2004, when you reached your previous parole violation maximum sentence date. You pled guilty to charges in the York County case on May 11, 2004, and were sentenced to a term of 2 to 4 years to be served in a state correctional institution. The Board re-lodged its warrant to commit and detain you that same day.

The Board decision recorded August 18, 2004 (mailed 8/24/04) recommitted you as a convicted parole violator to serve 18 months back time "when available." On October 13, 2004, you pled guilty to the federal charges against you, and were sentenced to a term of 54 months to be served in a federal prison. The Board decision recorded December 21, 2004 (mailed 12/27/04) recommitted you as a convicted parole violator to serve 18 months back time "when available" and concurrent with your prior 18 months back time. On March 11, 2005, you were released to federal authorities to serve your federal sentence. The Board lodged another warrant to commit and detain you on March 29, 2005. You were released from your federal sentence on April 4, 2008, and placed in SCI-Albion in "parole violator pending" status. The Board decision recorded April 8, 2008 (mailed 04/16/08) established your June 25, 2009 parole violation maximum sentence date.

With the above facts in mind, the Board provided you with 8 days of back time served credit (i.e. time that you were held solely on the Board's warrant prior to your recommitment order) for the period of September 30, 2003 to October 8, 2003. *See Gaito v. Pa. Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Thus, your 455 days of back time owed was reduced by 8 days, resulting in 447 days. You became available to begin serving your back time on April 4, 2008 when you were released from your federal sentence. Adding 447 days (or 1 years, 2 months, 19 days) to April 4, 2008, yields a new parole violation maximum date of June 25, 2009. Therefore, your parole violation maximum sentence date is correct and the Board provided you with appropriate sentence credit.

Pennsylvania Board of Probation and Parole | Office of General Counsel | Office of Chief Counsel
1101 South Front Street – Suite 5100 | Harrisburg, PA 17104-2517
PHONE: 717.787.8126 | FAX: 717.705.1774 | www.pbpp.state.pa.us

Your petition is **DENIED,** and the Board decision recorded April 8, 2008 (mailed 04/16/08) is **AFFIRMED**.

For the Board,

John J. Talaber
Assistant Counsel
Administrative Review Designee

DATE MAILED:   MAY 1 2 2009
Enclosure

Pennsylvania Board of Probation and Parole | Office of General Counsel | Office of Chief Counsel
1101 South Front Street – Suite 5100 | Harrisburg, PA 17104-2517
PHONE: 717.787.8126 | FAX: 717.705.1774 | www.pbpp.state.pa.us

PBPP-39
Revised (02-04)

# ORDER TO RECOMMIT
# COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE

**Name:** SHANNON WILLIAMS   **Inst. No:** CN1523   **Parole No:** 96860

**District:** CO - Central Office   **SID:** 23076772   **Date Paroled:** 03/10/2003

**Inst Parole From:** SCICT - SCI - Coal Township

**Recommit To:** SCIAL - SCI - Albion   **Status:** ○ TPV  ◉ CPV

The above-named individual who was conditionally released on parole by the Pennsylvania Board of Probation and Parole has been found by the Board to have violated the conditions of parole. Therefore, the Board, by virtue of the authority conferred on it by law, orders said individual recommitted for further imprisonment for the remainder of the unexpired maximum term, or until otherwise released or discharged according to law.

## County, Bill & Term and OTN

| County Name | OTN | Indictment Number | Minimum Date |
|---|---|---|---|
| DAUPHI | C7733132 | CP 940001331 | 03/19/1997 |
| DAUPHI | C7733132 | CP 940001331 | 03/19/1997 |

## Parole Violation Date Calculation

- Original Maximum Date: 03/19/2004
- - Parole/Reparole/Delinquency/Board Warrant Date: 03/10/2003
- +Constructive Parole Time Added: 80D

| From | To | Time Period |
|---|---|---|
| 07/27/1998 | 10/15/1998 | 80D |

- - Confinement Time: 0D
- - Backtime Credit: 8D

- = Backtime Owed: 447D
- + Custody for Return: 04/04/2008
- = Recomputed Maximum Date: 06/25/2009
- + Escape Time: 0D
- = New Maximum Date: 06/25/2009
- Backtime Dates:

| From | To | Time Period |
|---|---|---|
| 09/30/2003 | 10/08/2003 | 8D |

Time Lost Due to:

Delinquency: 0D

Service of Another Sentence: 0D

## Conviction(s) Resulting in Recommitment

| #: | Sentence Date | Sentence County | Indictment | Period | Type | Place of Confinement |
|---|---|---|---|---|---|---|
| 1 | 05/11/2004 | YORK - YORK COUNTY | 5671,03 | 2Y-4Y | | SCI - State Correctional Institution |
| Parole/Release/Max Date: | | Confined: Y | | | | |
| Comments: | | | | | | |
| 2 | 10/13/2004 | FEDERA - FEDERAL COUNTY | CR-0292-01 | 54 MONTHS | | FED - FEDERAL |
| Parole/Release/Max Date: 04/04/2008 | | Confined: Y | | | | |
| Comments: | | | | | | |

## Miscellaneous Notes

## Note Conviction

GIVEN under the hand of the Pennsylvania Board of Probation and Parole this  06/02/2008

By The Board

*Cynthia L. Daub*

Board Secretary



# COMMONWEALTH OF PENNSYLVANIA
## DC16E - SENTENCE STATUS SUMMARY    DEPARTMENT OF CORRECTIONS

Name: Shannon Lemar Williams          Inmate #: JC1572        Closed Version 2 Dated 11/17/2009 12:12:19 PM

## 1.  REFERENCES AND IDENTIFICATION

| DOC #<br>JC1572 | Commitment Name<br>SHANNON LEMAR WILLIAMS | | PBPP #<br>9686O | SID #<br>23076772 | FBI #<br>338889DC5 | Phila Photo # |
|---|---|---|---|---|---|---|
| DOB | Place of Birth<br>YORK        PA USA | | | | Race<br>B | Sex<br>M |

## 2.  SENTENCE SUMMARY

| Sent<br>Date | County/State/Federal | Indictments | Sent<br>Type | Minimum | | | Maximum | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Y | M | D | Y | M | D |
| 05/11/2004 | York | CP5671 CT1/2003 | 2 | | | 4 | | | |
| Plea: | Plead Guilty | OTN: H5374143 | Judge: KENNEDY, JOHN S. | | | | | | |
| Offense: | CS13A30 - DRUG - MANUFACTURE/SALE/DELIVER OR POSSESS W/INTENT TO | | | | | | | | |

| Reception Date | 04/04/2008 | | Reentered from DOC # | CN1523 |
|---|---|---|---|---|
| Controlling Minimum Date | 06/21/2010 | | New Maximum - PV | |
| Controlling Maximum Date | 06/21/2012 | | True Minimum Expiry Date | |
| RRRI Minimum Expiry Date | | | | |

### Summary or Remarks on Sentence

| *Remarks* | Version 2 created to correct commitment credit. |
|---|---|

## 3.  SENTENCE STRUCTURE

| Commitment Credit |
|---|
| Computation 1        CP5671 CT1/2003 : 10/09/2003 to 10/12/2004 |

| *Remarks* | |
|---|---|

### Bail/Escape/Interruption Time Data

| None |
|---|

## ATTACHMENT 21

Name:  Shannon Lemar Williams                    Inmate #: JC1572     Closed Version No:2  Dated 11/17/2009 12:12:19 PM

### 3.   SENTENCE STRUCTURE (Cont'd)

| Item | Computation 1 | | | |
|---|---|---|---|---|
| **Indictments Included** | CP5671 CT1/2003 | | | |
| **Eff Date** | 06/21/2008 | | | |
| **Expiration of Minimum** | 06/21/2010 | | | |
| **Expiration of Maximum** | 06/21/2012 | | | |
| **Custody for Return - PV** | | | | |
| **Delinquent Time** | | | | |
| **Backtime Credit** | | | | |
| **Backtime Owed** | | | | |
| **New Maximum - PV** | | | | |
| **Sentence Computation Date** | 11/17/2009 | | | |
| **Basis for Computation** | Credit Adjustment | | | |
| **Total Sentence** | 2Y - 4Y | | | |
| **Status** | Active | | | |

Name:  Shannon Lemar Williams                Inmate #: JC1572     Closed Version No:2  Dated 11/17/2009 12:12:19 PM

## 4.   NON-INCARCERATED OFFENSES

| Sent Date | County/State/Federal | Indictments |
|-----------|----------------------|-------------|
| None | | |
| *Comments* | | |

## 5.   DETAINERS

**Active Detainers**

| Detainer# | Date | Agency | Agency Identification | OTN | Type |
|-----------|------|--------|-----------------------|-----|------|
| | | | | | |
| *Charges* | None | | | | |

**Deleted Detainers (For those deleted since last DC16)**

| Detainer# | Date Deleted | Agency | Agency Identification | OTN | Type |
|-----------|--------------|--------|-----------------------|-----|------|
| None | | | | | |
| *Remarks* | None | | | | |

## 6.   PRIOR DOC NUMBERS

| GD0384 | CN1523 | | | | | | | |
|--------|--------|--|--|--|--|--|--|--|

## 7.   ACTIONS: BOARD OF PARDONS

| Decision Date | File Number | Action | Comments |
|---------------|-------------|--------|----------|
| None | | | |

**Last Modified By: Fobia, Christina M**

**Signed Off By: Kodack, Michelle L**                                  **Institution:  Coal Township**