UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHANNON WILLIAMS,                :
    Petitioner,                  :        NO.  1:10-CV-1870
                               :
         v.                         :        (District Judge Jones)
                               :
DAVID VARANO, ET. AL.,           :        (Electronically Filed)
    Respondents,                 :

MEMORANDUM IN SUPPORT OF ANSWER TO
PETITION FOR WRIT OF HABEAS CORPUS

## I.    PROCEDURAL HISTORY

On October 6, 2009, Williams filed a petition for writ of habeas corpus with this Honorable Court. *Williams v. Varano*, No. 4-CV-09-1933. Thereafter, on December 17, 2009, this Court dismissed Williams petition without prejudice for him to exhaust his state court remedies. On September 7, 2010, Williams filed the instant petition for writ of habeas corpus with this Court. On September 23, 2010, this Court ordered respondents to answer the allegations in the petition with an accompanying memorandum of law within 21 days of the order. On October 12, 2010, Respondents filed a motion for extension of time to respond to the petition. On October 13, 2010, this Court granted Respondents motion for extension of time to file their answer and memorandum of law on or before November 15, 2010. On November 2, 2010, Williams filed additional exhibits with this Court in support of his petition for writ of habeas corpus. Thereafter, on November 4, 2010, this Court

ordered Respondents to address Williams' supplemental exhibits in its response. This memorandum is filed in support of Respondents' answer.

## II.   STATEMENT OF FACTS

On September 28, 1994, Petitioner Shannon Williams ("Williams") was sentenced in the Dauphin County Court of Common Pleas to 3 to 10 years of incarceration for committing the offenses of Aggravated Assault, Robbery, and Firearms not to be carried without a License.  Declaration of Kimberly Barkley, Exhibit A, ¶ 6, Attachment 1.   William's minimum date on this sentence was calculated as March 19, 1997 and his original maximum sentence date was calculated as March 19, 2004.  *Id.* at ¶ 7.

On July 27, 1998, Williams was released on parole to an approved home plan.  *Id.* at ¶ 8, Attachment 2.  By a decision mailed December 28, 1998, the Board recommitted Williams as a technical parole violator for violating condition #7 (failure to successfully complete the York County Corrections Center).  *Id.* at ¶ 9, Attachment 3.

On March 10, 2003, Williams was reparoled to a Community Corrections Center (CCC).  *Id.* at ¶ 10, Attachment 4.  On September 30, 2003, while still on reparole, Williams was arrested by the York City Police Department after he was found to be in possession of two handguns and crack cocaine.  *Id.* at ¶ 11, Attachment 5.  Based on this arrest, the Board issued its warrant against Williams

and returned him to state custody pending the filing of new criminal charges by the York City Police Department, which were filed on October 8, 2003. *Id.* at ¶ 12, Attachment 6.

On October 22, 2003, a federal grand jury indicted Williams on the charge that he possessed a stolen firearm in violation of 18 U.S.C. § 922(j). *Id.* at ¶ 13, Attachment 7. Subsequently, on May 11, 2004, Williams pled guilty to the offense of Possession with Intent to Deliver Cocaine in the York County Court of Common Pleas and he was sentenced to 2 to 4 years of incarceration. *Id.* at 14, Attachment 8. Thereafter, on August 24, 2004, the Board mailed a decision recommitting Williams as a convicted parole violator to serve 18 months backtime for the offense of Possession with Intent to Deliver Cocaine. *Id.* at 15, Attachment 9.

On October 13, 2004, the Honorable Sylvia H. Rambo accepted Williams plea of guilty and imposed a sentence of 54 months of confinement and directed that such sentence run concurrent with Williams' York County sentence. *Id.* at ¶ 16, Attachment 10. Williams was subsequently returned to the Department of Corrections (Department) custody and a federal detainer was lodged against Williams for his federal sentence. *Id.* at ¶ 17. By a decision mailed December 27, 2004, the Board recommitted Williams as a convicted parole violator to serve 18 months of backtime for committing the federal weapons offense. *Id.* at ¶ 18.

On March 7, 2005, the Board issued an order lifting its detainer and directing the Department to release Williams to his federal sentence. *Id.* at ¶ 19, Attachment 12. The Board subsequently filed its detainer against Williams with the Federal Bureau of Prisons after he was transferred to federal custody. *Id.* at ¶ 21, Attachment 13.

While in federal custody, Williams appealed his federal sentence and, on August 1, 2005, the United States Court of Appeals for the Third Circuit vacated Williams federal sentence and remanded the matter to this Court for resentencing. *(USA v. Williams*, No. 04-4043 (3d Cir. August 1, 2005)). Subsequently, on October 25, 2005, Judge Rambo resentenced Williams on his federal conviction to a term of 47 months of incarceration. *See* Declaration of Kimberly Barkley, Exhibit A, ¶ 22, Attachment 14. Judge Rambo's resentencing of Williams did not mention whether or not the sentence was consecutive or concurrent. *Id.* As such, by operation of law, Williams' federal sentence now had to be served consecutively to any other sentences. 18 USC § 3584(a).

On April 4, 2008, the Federal Bureau of Prisons released Williams from his federal sentence and placed him in the Department's custody to begin serving the remainder of his original state sentence. Declaration of Kimberly Barkley, Exhibit A, ¶ 23, Attachment 15. By a decision mailed April 16, 2008, the Board recalculated Williams' maximum sentence date for his original sentence at

institution number CN-1523 from March 19, 2004 to June 25, 2009. *Id.* at ¶ 24,

Attachment 16.   The following explains how the Board recalculated Williams'

parole violation maximum sentence date for institution number CN-1523 from

March 19, 2004 to June 25, 2009:  when Williams was released on reparole on

March 10, 2003, his parole violation maximum date was March 19, 2004, which

left 375 days remaining on his sentence; as a convicted parole violator, Williams

automatically forfeited credit for all of the time he spent at liberty on parole; this

includes forfeiting credit for the 80 days Williams was on parole from July 27,

1998 to October 15, 1998; adding 80 days to the 375 days he was at liberty on

parole resulted in Williams owing 455 days of backtime to his original sentence;

Williams did receive 8 days of confinement credit for the time he was incarcerated

solely on the Board's warrant from September 30, 2003 until October 8, 2003;

subtracting 8 days of credit from the 455 days resulted in Williams still owing 447

days of backtime on his original sentence; Williams became available to begin

serving the backtime on his original sentence at institution number CN-1523 on

April 4, 2008, the date he was returned to the Department of Corrections

(Department) custody after completing his new federal sentence; adding 447 days

to April 4, 2008 yields a new parole violation maximum date of June 25, 2009. *Id.*

at ¶ 25.

By letter dated May 7, 2008, Williams filed a petition for administrative relief of the Board's recalculation decision alleging the June 25, 2009 maximum sentence date is incorrect and that he should be entitled to credit for the time he spent on parole at a group home. *Id.* at ¶ 26, Attachment 17. By a decision mailed June 2, 2008, the Board Chairman's designee ordered that an evidentiary hearing be held to determine if Williams is entitled to credit for the time he spent on parole at a group home. *Id.* at ¶ 27, Attachment 18. By letter dated August 4, 2008, Williams filed another petition for administrative relief with the Board Chairman's designee that withdrew his request for credit at the group home but asked for other credit on his original sentence. *Id.* at ¶ 28, Attachment 19. By a decision mailed May 12, 2009, the Board Chairman's designee denied Williams' August 4, 2008 petition for administrative relief and affirmed the Board's recalculation order. *Id.* at ¶ 29, Attachment 20. The Board has no record of Williams filing an appeal of this decision to the Commonwealth Court.

On June 25, 2009, Williams completed his state backtime on his 3 to 10 year original sentence at institution number CN-1523 and began serving his new 2 to 4 year York County sentence at institution number JC-1572. *Id.* at ¶ 31-33. After Williams turned over to his new state sentence, the Department gave him 1 year and 3 days of credit on this sentence from the time he was confined in state custody from October 9, 2003 until October 12, 2004. *Id.* at ¶ 31-33, Attachment

21.  As such, Williams 2 to 4 year sentence at institution number JC-1572 has an effective date of June 21, 2008 with his minimum date having expired on June 21, 2010 and his maximum date expiring on June 21, 2012. *Id.* at ¶ 31-33, Attachment 21.

On March 20, 2009, Williams filed a post-conviction relief act ("PCRA") motion with the York County Court of Common Pleas on March 20, 2009. Petition for Writ of Habeas Corpus at Exhibit D.  On August 4, 2009, a hearing was held on William's PCRA motion and it was subsequently denied.     Petition for Writ of Habeas Corpus at Exhibit D.  On August 14, 2009, Williams appealed the PCRA court's ruling to the Pennsylvania Superior Court. *Id.*  Subsequently, by letter dated December 29, 2009, Williams withdrew his appeal of the PCRA court's decision with the Superior Court, concluding that this was not the proper avenue to exhaust his state court remedies.  *See* Petitioner's supplemental exhibits filed with this Court on November 2, 2010 at document no. 12.  By a decision rendered February 9, 2010, the Superior Court granted Williams' praecipe to discontinue his appeal. *Id.*

On March 19, 2010, Williams filed an application for leave to file original process along with a petition for writ of habeas corpus in the Pennsylvania Supreme Court's original jurisdiction.  *Id.*   However, by a decision rendered

August 13, 2010, the Pennsylvania Supreme Court denied Williams' petition for writ of habeas corpus. *See* Petition for Writ of Habeas Corpus at Exhibit 24B.

## III. STATEMENT OF QUESTIONS INVOLVED.

A.  SHOULD THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED BECAUSE WILLIAMS HAS NOT EXHAUSTED AND HAS PROCEDURALLY DEFAULTED ON HIS AVAILABLE STATE COURT REMEDIES?

Suggested Answer:      Yes.

B.  SHOULD THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

Suggested Answer:      Yes.

## IV. ARGUMENT

**A.  THE PETITION FOR WRIT OF HABEAS CORPUS SHOULD BE DISMISSED BECAUSE WILLIAMS HAS NOT EXHAUSTED AVAILABLE STATE REMEDIES AND HAS PROCEDURALLY DEFAULTED ON THOSE REMEDIES.**

A prerequisite to filing a federal habeas petition is the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1); *see Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), *cert. denied* 532 U.S. 919 (2001) (holding that "[i]t is axiomatic that a federal habeas court may not grant a petition for writ of habeas corpus . . . unless the petitioner has first exhausted the remedies available in the

state courts"). A petitioner bears the burden of establishing that he or she has exhausted state remedies, *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993), and will not be deemed to have exhausted state remedies as long as he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Cristin v. Brennan*, 281 F.3d 404, 410 (3d Cir. 2002), *cert. denied*, 123 S.Ct. 195 (Oct. 7, 2002).

To exhaust state remedies, any application for state collateral review must have been properly filed. *See* 28 U.S.C. §§ 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1992)(to "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e. whether he fairly presented his claims to the state courts")(citations omitted). Fair presentation does not occur when the prisoner presents a claim for the first and only time in a procedural context in which its merits will not be considered. *See Castille v. Peoples*, 489 U.S. 346, *reh. denied*, 490 U.S. 1076 (1989) (raising claim for the first time in a petition seeking discretionary review in the state's highest court does not exhaust state remedies); *Pitchess v. Davis*, 421 U.S. 482 (1975) (*per curiam*) (motions to the California

Court of Appeal and California Supreme Court for pre-trial writ of prohibition do not exhaust state remedies); *Ex Parte Hawk*, 321 U.S. 114 (1944) (*per curiam*) (application to Nebraska Supreme Court for original writ of habeas corpus does not exhaust state remedies).

To the extent he is challenging the Board's recalculation of his maximum sentence date to June 25, 2009 for institution number CN-1523, Williams failed to properly exhaust his state remedies because he did not seek review of the Board's decision mailed May 12, 2009 in the Commonwealth Court of Pennsylvania. *McMahon v. Pennsylvania Board of Probation and Parole*, 470 A.2d 1337 (Pa. 1983); *St. Clair v. Pennsylvania Board of Probation and Parole*, 493 A.2d 146 (Pa. Commw. Ct. 1985).

As Magistrate Judge Hey of the Eastern District recently and succinctly noted, the steps necessary to exhaust state remedies in a habeas claim that challenges a Board determination are as follows:

> To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board. See 37 Pa.Code § 73.1(a). Once the Parole Board has rendered a final decision, the petitioner must seek review in the Commonwealth Court. See 42 Pa.C.S.A. § 763(a). Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. *See Williams v. Wynder*, 232 Fed. Appx. 177, 180 (3d Cir.2007) ("Because Order 218 does not apply to appeals from Commonwealth Court decisions, or decisions in matters involving

challenges to Parole Board actions, the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court.").

*Pagan v. Pennsylvania Board of Probation and Parole, et al.*, No. 08-150, 2008 U.S. Dist. LEXIS 117162 (ED. Pa. September 26, 2008).

Williams made no effort to present his claims to the Pennsylvania Commonwealth Court. Williams' failure to "fairly present" his claims in state court bars the consideration of those claims in federal court by means of habeas corpus because they have been procedurally defaulted. *Cristin v. Brennan,* 281 F.3d 404, 410 (3d Cir.), cert. denied, 537 U.S. 897 (2002). The reason for this doctrine is that a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. Id. at 750. Thus, "federal courts must ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e. whether he has fairly presented his claims to the state courts." *Cristin,* 281 F.3d at 410.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999). *McCandless,* 172 F.3d at 260; *Coleman v. Thompson,* 501 U.S.

722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993); *Coleman*, 501 U.S. at 750.

Here, the prejudice analysis need not be reached. Williams offers absolutely nothing to explain why he did not challenge the decision that established his parole violation maximum date by seeking administrative review with the Commonwealth Court. Williams procedurally defaulted his claim because there was no objective external factor that impeded his efforts to seek review of the Commonwealth Court decision.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (2001). The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Williams does not claim that he is actually innocent. Rather, this case is simply a challenge to a Board decision that established a parole violation maximum date after Williams' parole was revoked because he committed crimes while at liberty on parole. Clearly, this case does not involve a fundamental miscarriage of justice, such that Williams' procedural default should be excused.

To the extent Williams is challenging the calculation of his York County re-entry sentence at inmate number JC-1572 by the Department of Corrections, Williams failed to properly exhaust his state remedies because he did not present such a claim through a mandamus action in the original jurisdiction of the Commonwealth Court. A state inmate seeking recalculation of his state prison sentence by the Department of Corrections should present such a claim through a mandamus action addressed to the original jurisdiction of the Pennsylvania Commonwealth Court. *McCray v. Pa. Dep't of Corrections*, 872 A.2d 1127 (Pa. 2005). In the instant case, Williams has failed to allege that he took advantage of this remedy, which he still has the ability to do. As such, Williams has failed to properly exhaust his state court remedies with respect to the calculation of his re-entry sentence as he has yet to file a mandamus action in the Commonwealth Court's original jurisdiction.

Finally, with respect to the import that the exhibits Williams provided to this Court in his November 2, 2010 filing (Doc. 12), these documents fail to show that

Williams properly exhausted his state court remedies with respect to his claims against the Board and the Department.   As stated previously, the filing of an untimely PCRA claim with the sentencing court and then appealing the sentencing court's decision is not the proper way to exhaust state court remedies for a claim that the Department improperly recalculated Williams' re-entry sentence. *McCray v. Pa. Dep't of Corrections*, 872 A.2d 1127 (Pa. 2005).  Williams recognized that this was not the proper way to exhaust his remedies which accounts for why he withdrew his appeal of the York County sentencing court's decision.  (Doc. 12).

Williams also filed a petition for writ of habeas corpus in the original jurisdiction of the Pennsylvania Supreme Court.   (Doc. 12).   However, an application for discretionary review, such as a request for the Supreme Court to exercise extraordinary or original jurisdiction, is insufficient to exhaust all avenues for relief under state law because the mere submission of a claim to a state's highest court under discretionary review does not constitute a "fair presentation" of a claim for purposes of exhaustion. *See Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (finding mere application for discretionary review did not constitute "fair presentation" of claims); *Burkholder v. Wolfe*, No. 3:CV-03-0007, 2007 U.S. Dist. LEXIS 1665, 2007 WL 90427, at *2 n.8 (M.D. Pa. Jan. 9, 2007) (expressing doubt whether application for relief under § 726 would be sufficient to exhaust state remedies); *Green v. Dragovich*, No. 02-6269, 2004

U.S. Dist. LEXIS 2454, 2004 WL 326210, at *5 n.1 (E.D. Pa. Feb. 17, 2004) (Robreno, J.) (mere application for exercise of Court's King's Bench authority insufficient to exhaust state remedies).  Williams proper avenue for exhaustion is through the Commonwealth Court, and not in the Pennsylvania Supreme Court's original jurisdiction.  Therefore, Williams has failed to properly exhaust his state court remedies with respect to his calculation claims against both the Board and the Department.

### B. THE PETITION FOR WRIT OF HABEAS CORPUS SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Pursuant to 28 U.S.C. § 2254(a), federal habeas corpus relief is available to a state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The petition should be dismissed because Petitioner does not allege anything that can establish he is incarcerated in violation of the Constitution or laws or treaties of the United States.

With respect to Williams' claim that the Board improperly recalculated his maximum sentence date at institution number CN-1523, Williams has failed to state a claim for federal habeas relief.  Williams' parole violation maximum sentence date at institution number CN-1523 was recalculated from March 19, 2004 to June 25, 2009 because his reparole was revoked after he committed new crimes while on parole.  Section 6138 of the Prisons and Parole Code provides that

a parolee may be recommitted as a convicted parole violator if the parolee commits any crime punishable by imprisonment, while on parole, from which he is convicted or found guilty. 61 Pa.C.S. § 6138 (a)(1). Furthermore, section 6138 provides that a convicted parole violator "shall be given no credit for the time at liberty on parole." § 6138(a)(2). Upon recommitment as a convicted parole violator, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled with no credit given for street time. *Id. Stepoli v. Pennsylvania Board of Probation and Parole*, 525 A.2d 888 (Pa. Cmwlth. 1986). When computing the time yet to be served on the original sentence, the convicted parole violator's street time is added to the original maximum expiration date to create a new maximum expiry. *Palmer v. Pennsylvania Board of Probation and Parole*, 704 A.2d 195 (Pa. Cmwlth. 1997).

The Third Circuit has determined that Pennsylvania's parole statute is constitutional, *see United State ex rel. Lawson v. Cavell,* 425 F.2d 1350, 1352 (3d Cir. 1970), and has expressly adopted a district court holding that "[n]o [federal] constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum." *See United States ex rel. Heacock v. Myers,* 367 F.2d 583 (3d Cir. 1966) (expressing "complete accord" and affirming opinion of district court in *United States ex rel. Heacock v. Myers,* 251 F.Supp. 773, 774 (E.D.Pa.1966)).

To the extent this Court excuses Williams' failure to exhaust and his procedural default, and wishes to review his parole violation maximum date at institution number CN-1523, Williams is not entitled to habeas relief because he is not presently in custody in violation of the Constitution or laws or treaties of the United States.    To the extent this Court wishes to examine the mathematical accuracy of the Board's recalculation, the petition should be dismissed because Williams' June 25, 2009 parole violation maximum date was correctly calculated.

Williams was released on reparole on March 10, 2003.    At that point, his maximum sentence date was March 19, 2004.    Thus, a total of 375 days remained on his sentence. Because Williams was recommitted as a convicted parole violator, he is not entitled to credit for any time that he was at liberty on parole. 61 Pa.C.S. § 6138(a)(2); *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365 (Pa. Cmwlth. 1996).    This includes the 80 days that Williams was previously on parole from July 27, 1998 until October 15, 1998.[1]    *Dorsey v. Pennsylvania Board of Probation and Parole*, 854 A.2d 994 (Pa. Cmwlth. 2004).    Adding 80 days to the 375 days he was at liberty on parole resulted in Williams owing 455

---

[1] Williams did not post bail on his York County charge or on his federal charge. As such, he is not entitled to credit for the time he was incarcerated on both the Board's warrant and these new criminal charges. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (1980). Under *Gaito*, a parolee who is charged with new criminal offenses and held in custody solely because of a Board detainer is entitled to credit on his or her original sentence if he or she is recommitted as a convicted parole violator. Conversely, if the parolee is not held in custody solely on the Board's detainer, the credit must be applied to the new criminal charges.

days of backtime on his original sentence. Williams did receive 8 days of credit for the time he was incarcerated solely on the Board's warrant from September 30, 2003 until October 8, 2003. *See Gaito*, 412 A.2d at 571. Subtracting 8 days of credit from the 455 days resulted in Williams still owing 447 days of backtime on his original sentence. Because Williams' new sentence was a federal sentence, he was required to serve the new federal sentence before resuming service of his original sentence. *See* 6138 Pa.C.S. § 6138(a)(5)(iii)[2]. Williams became available to begin serving the backtime on his new original sentence at institution number CN-1523 on April 4, 2008, the date he was returned to the Department's custody after completing his new federal sentence. Adding 447 to April 4, 2008 yields a new parole violation maximum date of June 25, 2009. Thus, it is clear that Williams' parole violation maximum date of June 25, 2009 was correct and that he is not in custody in violation of the Constitution or laws or treaties of the United States.

To the extent this Court excuses Williams' failure to exhaust and his procedural default, and wishes to review the calculation of his re-entry sentence at

---

[2] It should be noted that after the filing of this petition, but also after Williams served his federal sentence, section 6138 of the Prisons and Parole Code's order of sentences provision was amended by the state legislature in order to now allow for an inmate to serve the balance of the backtime on his original sentence before he begins serving his new federal sentence. 61 Pa.C.S. § 6138 (a) (5.1) *amended by* Act 95 of 2010 (effective October 27, 2010). Because Williams has already served his federal sentence and the backtime on his original sentence, and there is no language in the Act to indicate a retroactive application, the passage of this new legislation has no import in the present case.

institution number JC-1572, the petition should be dismissed because Williams' 2 to 4 year York County sentence at institution number JC-1572 was properly calculated under state law. The calculation of Williams' state sentence is dictated by the Prisons and Parole Code and the Sentencing Code.

The Pennsylvania Prisons and Parole Code, which directs the order in which a convicted parolee shall serve the remaining time, or "backtime", on his original state sentence, provides:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a)(5).

Where an inmate has been paroled from a state facility and, while on parole, commits a new crime that results in new state and federal sentences, and the inmate is directed to serve his federal sentence in a federal correctional institution, the

Prisons and Parole Code has been interpreted to require that the inmate serve the new federal sentence before he can begin serving the backtime on his original sentence. *Griffin v. Pa. Department of Corrections*, 862 A.2d 152, 156 (Pa. Cmwlth. 2004) *aff'd* 915 A.2d 639 (2007). Upon being returned to state custody, the Prisons and Parole Code requires the inmate begin serving his backtime before the commencement of any new state sentences. *Id.*

Williams is not entitled to have the Department recalculate his state prison sentence so that he receives credit on his state sentence for time served on his federal sentence. In *Griffin*, the Commonwealth Court of Pennsylvania held that a convicted state parole violator would be able to obtain mandamus relief against the Department of Corrections to compel credit on his state sentence for time served on a federal sentence. *Griffin*, 862 A.2d 156. However, that decision was specifically based on a scenario where the state sentencing judge imposed the state sentence *after* a federal sentence and directed that the state sentence run concurrent to the federal sentence under section 9761(b) of the Sentencing Code.

Section 9761(b) of the Sentencing Code provides, in pertinent part, that

> If the defendant is at the time of sentencing *subject to imprisonment under the authority of any other sovereign*, the court may indicate that imprisonment under such other authority shall satisfy or by [sic] credited against both the minimum and maximum time imposed under the court's sentence.

42 Pa.C.S. § 9761(b) (emphasis added).  In the instant case, the state sentencing judge imposed the York sentence *before* the federal sentence was imposed.  As a result, the state sentencing judge had no discretion to order that Williams' sentence run concurrent or consecutive to any other sentence.  Any direction regarding concurrence of the York sentence must be expressly stated by the state sentencing judge.  Pa. R. Crim P. 705(b).  The Department may not infer such intent.  *See Oakman v. Dep't of Corr.*, 893 A.2d 834, 837 (Pa. Cmwlth. 2006).  Thus, Williams' state sentence at institution number JC-1572, as it currently exists, has been properly calculated.

## V.   CONCLUSION

For the reasons set forth above, Respondents pray that the petition for writ of habeas corpus be dismissed with prejudice.

Respectfully submitted,

Office of General Counsel,

By:  /s/ John C. Manning
     John C. Manning
     Attorney I.D. No. 89309
     Pennsylvania Board of
     Probation and Parole
     1101 South Front Street, Suite 5100
     Harrisburg, PA  17104-2517
     (717) 787-8126

Dated:        November 15, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHANNON WILLIAMS,                    :
    Petitioner,                      :          NO.  1:10-CV-1870
                                     :
    v.                               :          (District Judge Jones)
                                     :
DAVID VARANO, ET. AL.,               :          (Electronically Filed)
    Respondents,                     :

## CERTIFICATE OF SERVICE

The undersigned certifies that this document has been filed electronically and is available for viewing and downloading from the ECF System.  In addition, a true and correct copy of the foregoing document was served upon the person(s) indicated below, via first class mail:

Shannon Williams, JC-1572
SCI-Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020
(Pro Se Inmate)

/s/ John C. Manning
**John C. Manning**
Attorney I.D. No. 89309
Pennsylvania Board of
Probation and Parole
1101 South Front Street, Suite 5100
Harrisburg, PA  17104-2517
(717) 787-8126

Dated:  November 15, 2010