IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHANNON WILLIAMS, :
:
    Petitioner :
: CIVIL NO. 1:10-CV-1870
:
    v. : Hon. John E. Jones III
:
:
SUPERINTENDENT :
DAVID A. VARANO, *et al.*, :
:
    Respondents :

## **MEMORANDUM**

June 26, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

    Petitioner Shannon Williams ("Petitioner" or "Williams"), a former state inmate, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.) At the time of filing, Williams was confined at the Coal Township State Correctional Institution ("SCI-Coal Township") in Coal Township, Pennsylvania. Williams' Petition challenges the calculation of his parole violation maximum sentence date by the Pennsylvania Board of Probation and Parole and the calculation by the Pennsylvania Department of Corrections ("DOC") of the credit against his re-entry sentence for time spent in

federal custody.

Presently before the Court is Respondents' Motion to Dismiss the Petition as Moot in light of the fact that, as shown on the DOC Sentence Status Summary Sheet attached to the Motion, the sentence Williams challenges in his Petition expired on June 21, 2012, and there are no active detainers or consecutive sentences related to the sentence. (Doc. 31 ¶ 10; Doc. 31-1.) Accordingly, on June 21, 2012, Williams was released from DOC custody and did not provide a forwarding address.[1] (Doc. 31 ¶ 12 & n.1.) For the reasons set forth below, we shall grant Respondents' Motion, and Williams' Petition will be dismissed as moot.

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

---

[1] A review of Vinelink, a website which provides the status of inmates in the custody of Pennsylvania correctional facilities, confirms that, on June 21, 2012, Williams was released from custody, and shows the reason as "DOC Sentence Served." *See* Vinelink, available at https://www.vinelink.com/vinelink/siteInfoAction.do?siteId=39000

Pursuant to 28 U.S.C. § 2254(a), federal habeas corpus review and relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "[The United States Supreme Court has] interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The Supreme Court has liberally construed the "in custody" requirement for purposes of federal habeas corpus review; however, "[the Court has] never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id.* at 492. As such, once a habeas corpus petitioner is released from custody, a federal court's authority to adjudicate the controversy is called into doubt. *See Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F. Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

In the instant case, where Williams was released from DOC custody on June 21, 2012 upon the expiration of his maximum sentence date, he no longer is "in custody." Further, where his maximum sentence date has expired, he is not subject to any

present restraint as a result of his conviction. Moreover, where Williams requested his release from custody, and he now has been released, he has obtained the relief he sought through his Petition. Accordingly, the Petition is moot, and thus, Respondents' Motion will be granted, and this case will be closed.

We also decline to issue a certificate of appealability based on the reasoning in this Memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22. An appropriate Order will enter.